**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

————————————

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                    Case No. 1:17-cr-03420-WJ

VICTOR ORTIZ-HERNANDEZ,
A.K.A. "GUERO,"

      Defendant.

## MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE

**THIS MATTER** comes before the Court upon Defendant Victor Ortiz-Hernandez's *pro se* Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A) and the First Step Act of 2018 (**Doc. 126**). The Government filed a response in opposition (**Doc. 130**). The Court, having reviewed the pleadings and applicable law, concludes the circumstances presented by the Defendant do not rise to the extraordinary and compelling level required by statute. Accordingly, the Defendant's Motion is **DENIED**.

## BACKGROUND

In August 2019, Defendant pleaded guilty to Counts 1–4 of the Indictment (**Doc. 15**), in violation of 21 U.S.C. §§ 846, 843(b), and 8 U.S.C. §§ 1326(a) and (b). He was sentenced to a total term of 168 months imprisonment to be followed by five years under supervised release (**Doc. 66**). Defendant filed this motion for compassionate release on August 29, 2023 (**Doc. 126**).

Defendant requests compassionate release on the various grounds, including "the length of sentence served, extraordinary rehabilitation, [and] the additionally punitive nature of serving time during the COVID-19 pandemic." **Doc. 126 at 1**. The Government opposes the motion—

specifically arguing that: (1) Defendant Ortiz-Hernandez has not shown "extraordinary and compelling" reasons for release; (2) is a danger to the safety of the community; and (3) such release is inconsistent with the Section 3553(a) factors (**Doc. 130**). Defendant is scheduled to be released from FCI Sheridan on October 20, 2029. *See* Federal Bureau of Prisons, https://www.bop.gov/inmateloc (follow "Find By Name" tab; then search for "Victor Ortiz-Hernandez") (last visited Nov. 20, 2023). He has served less than half of his sentence to date.

For the reasons below, the Court denies the motion.

## LEGAL STANDARD FOR COMPASSIONATE RELEASE

"A federal court generally 'may not modify a term of imprisonment once it has been imposed.'" *Dillon v. United States*, 560 U.S. 817, 819–24 (2010) ("A judgment of conviction that includes a sentence of imprisonment constitutes a final judgment and may not be modified by a district court except in limited circumstances."). The exception to the rule, known as compassionate release, allows a Court to reduce a sentence when "extraordinary and compelling reasons" exist. 18 U.S.C. § 3582(c). Moreover, the First Step Act of 2018 amended the procedural requirements governing compassionate release. Now, a Defendant may file a motion for relief "*after* the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf *or* the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A) (emphasis added); First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194.

Ultimately, Section 3582(c)(1)(A) permits a court to modify a term of imprisonment after exhaustion of administrative rights and upon the consideration of the factors set forth in Section 3553(a). Relevant here, the Sentencing Commission's policy statement provides the Court may reduce a term of imprisonment if: "(1) extraordinary and compelling reasons warrant the reduction;

(2) the defendant is not a danger to the safety of any other person or the community; and (3) the reduction is consistent with this policy statement." *United States v. Bateman*, No. 15-cr-00092, 2020 U.S. Dist. LEXIS 166179, at *3 (D. Utah. Sept. 10, 2020) (cleaned up); *see also* U.S.S.G. § 1B1.13 (2023). The extraordinary and compelling standard imposes "a heavy burden on a defendant seeking relief." *United States v. Bright*, No. 14-10098, 2020 U.S. Dist. LEXIS 14883, at *3 (D. Kan. Jan. 29, 2020).

The Tenth Circuit has held that § 3582(c)(1)(A)(i) creates a "three-step test" for evaluating compassionate release. *United States v. McGee*, 992 F.3d 1035, 1043 (10th Cir. 2021); *see also United States v. Maumau*, 993 F.3d 821, 831 (10th Cir. 2021). A district court may grant a motion for compassionate release if three requirements are met: (1) extraordinary and compelling reasons warrant a sentence reduction; (2) the sentence reduction is consistent with applicable policy statements issued by the Sentencing Commission; and (3) the court considers the § 3553(a) factors, to the extent they are applicable. That being said, a district court may deny a compassionate release motion based on lack of any of the three prerequisites listed in § 3582(c)(1)(A) and does not need to address the others. *McGee*, 992 F.3d at 1043; *Maumau*, 993 F.3d at 831 n.4; *United States v. Hald*, 8 F.4th 932, 936 (10th Cir. 2021).

## DISCUSSION

### I. Defendant Ortiz-Hernandez has exhausted his administrative rights

Here, the record shows that Defendant submitted a request to the warden. **Doc. 126 at 5; Doc. 130 at 8**. More than thirty days have lapsed between the Defendant's request for a sentence reduction under Section 3582(c)(1)(A) and his filing of the instant motion. ***Id.* at 1–2**. Given the exhaustion of administrative rights, the Court has jurisdiction to address the merits of Defendant's motion.

## II. Absence of extraordinary and compelling reasons

Defendant urges the Court to find that COVID-19, at least in part, constitutes extraordinary and compelling reasons for a compassionate release. The Defendant's motion is not well-taken. He presents no unique[1] circumstances to him, but rather describes generalized conditions at FCI Sheridan and discusses hardships faced by all inmates. *See United States v. Sandoval*, No. 11-cr-455, 2023 U.S. Dist. LEXIS 171392 (D. Or. Sept. 26, 2023) (determining a boilerplate form raising general arguments about the risk of COVID-19 and the conditions of confinement at FCI Sheridan is insufficient to justify compassionate release); *United States v. Williams*, No. 20-cr-3764, 2023 U.S. Dist. LEXIS 198069 (S.D. Cal. Nov. 3, 2023) (same); *United States v. Mondragon*, No. 20-cr-92, 2023 U.S. Dist. LEXIS 187713 (W.D. Wash. Oct. 16, 2023) (same). Courts have reasoned that conditions shared by nearly every inmate are not extraordinary and compelling. *United States v. Warren*, 22 F.4th 917, 929 (10th Cir. 2022) (explaining nonspecific COVID-19 concerns are insufficient to justify compassionate release). The Court agrees with this reasoning.

Compassionate release for medical conditions is to be treated as a rare event. *United States v. Willis*, 382 F. Supp. 3d 1185, 1188 (D.N.M. 2019). Turning to the Sentencing Commission's policy statements[2] for guidance, the Commission identifies two categories of medical conditions

---

[1] Defendant argues that "[s]everal inmates at FCI Sheridan have received partial reductions to their sentences for the conditions of confinement." **Doc. 126 at 2**. However, the prisoners in the cases cited by Defendant Ortiz-Hernandez (at least those the Court was able to locate) based their compassionate release motions on their particularized circumstances rather than general conditions of confinement. *See United States v. Westwolf*, No. CR-19-41, 2023 U.S. Dist. LEXIS 80365 (D. Mont. May 8, 2023) (granting reduction in sentence based on defendant's "deteriorating eyesight and related medical complications"); *United States v. Lira*, No. CR-17-34, 2023 U.S. Dist. LEXIS 91167 (D. Mont. May 24, 2023) (finding the defendant's medical conditions, age, and sentencing disparity are extraordinary and compelling reasons to reduce sentence from 150 months to 135 months); *United States v. Beltran*, No. CR-19-35, 2023 U.S. Dist. LEXIS 98642 (D. Mont. June 6, 2023) (granting reduction in sentence in light of "BOP's potential failure to award Beltran credit for time served").

[2] Effective November 1, 2023, the Sentencing Commission's guidelines were amended. Regarding § 1B1.13, there were two structural changes. First, the description of the permissible bases for a reduction were moved from the "Commentary" to the policy statement itself. And second, the amendment moved "Application Notes" 2 and 3 into the body of the policy statement as new subsections—now (e) and (d), respectively.

as extraordinary and compelling reasons that may justify release. First, terminal illnesses such as cancer, ALS, and end-stage organ disease. U.S.S.G. § 1B1.13(b)(1)(A). Second, serious physical or cognitive conditions "that substantially diminish[] the ability of the defendant to provide self-care . . . and from which he or she is not expected to recover." § 1B1.13(b)(1)(B). Defendant's contentions regarding the conditions at FCI Sheridan are unavailing—he makes no specific allegations that he was denied needed care or subject to specific risks or harms particular to him or any health conditions he may have. *See United States v. Purify*, No. 20-5075, 2021 U.S. App. LEXIS 35783, at *8 (10th Cir. 2021) (unpublished) (explaining the mere existence of COVID-19 in society alone cannot justify compassionate release) (citation omitted). Ultimately, Defendant Ortiz-Hernandez has not identified any specific and personal medical conditions that satisfy § 1B1.13 or otherwise warrant granting his compassionate release. *See United States v. Guerrero*, No. 22-3053, 2022 U.S. App. LEXIS 30515, at *3 (10th Cir. 2022) (unpublished) (explaining incarceration during the COVID-19 pandemic does not, on its own, meet the extraordinary and compelling criteria). Incarceration during COVID-19, even when coupled with "restrictive prison policies . . . to slow the spread of COVID," does not amount to an extraordinary and compelling reason for release (**Doc. 130 at 11–12**).

Congress has made clear that "rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." *McGee*, 992 F.3d at 1043 (cleaned up). But here, there is no proof that Defendant has been extraordinarily rehabilitated as proffered (**Doc. 126 at 4**). Although a court liberally construes *pro se* filings, it cannot act as Mr. Ortiz-Hernandez's advocate. *See United States v. Griffin*, 928 F.3d 855, 864 n.1 (10th Cir. 2019). As such, the Court cannot accurately assess the Defendant's "extraordinary" rehabilitative efforts because he failed to provide any such evidence (**Doc. 130 at 6**).

In addition, the Court finds the "other" compassionate release factors under § 1B1.13(b)(5)—including Defendant's criminal history, the nature of his offense, the length of the sentence imposed and amount of time served, his current age and age at the time of offense and sentencing, and whether release would minimize the severity of the offense—do not weigh in favor of release. *See United States v. Saldana*, 807 F. App'x 816, 819 (10th Cir. 2020) (unpublished) (citing to BOP Program Statement 5050.50 (2019)). After a review of the updated sentencing guidelines, the Court concludes the Defendant cannot avail himself of any reductions.[3]

Finally, to the extent Defendant's *pro se* motion requests supervised release, the Court cannot order such placement.[4] Accordingly, the Court declines to discuss the merits of this request.

### III. Release is Inconsistent with the Section 3553(a) Factors

Because Defendant's motion fails to establish extraordinary and compelling reasons justifying compassionate release in this case, the Court need not address whether any reduction in Defendant's sentence would be consistent with consideration of the sentencing factors set forth at 18 U.S.C. § 3553(a). Nevertheless, the Court notes that Defendant pleaded guilty to a multitude of serious federal offenses relating to narcotics and reentry as an illegal alien (**Docs. 15 & 66**). While Defendant's advisory sentencing guideline range was 168–210 months' imprisonment, he was sentenced at the bottom of the guideline range. *Id*. Although Defendant has served approximately 73 months of his sentence, the Court finds that the nature and circumstances of Defendant's offenses, his history and characteristics, as well as the need for deterrence, for just punishment,

---

[3] Although not included in Defendant's *pro se* pleading, the Court evaluated the new sentencing guideline amendments. Specifically, the Court determined Mr. Ortiz-Hernandez is ineligible for relief under U.S.S.G. § 4C1.1 because he received an adjustment under § 3B1.1 and possessed a firearm. Likewise, Defendant is also ineligible for the 2-point reduction under the safety-valve provision of § 5C1.2(a)(1) for the same reasons.

[4] Defendant requests "supervised release" (**Doc. 126 at 2**) and mentions in passing eligibility under the CARES Act (**Doc. 126 at 4**). This request is outside the jurisdiction of the Court. The Bureau of Prisons ("BOP") may receive recommendations from the sentencing court, but the discretionary placement is solely within the purview of BOP and is not reviewable by any court. *See* 18 U.S.C. § 3621(b). Additionally, per BOP policy, Defendant's status as an illegal alien makes him ineligible for home confinement or good-time credit. *See* 18 U.S.C. §§ 3621 and 3632.

and to protect the public all weigh against a sentence reduction. *See generally United States v. Tinsley*, Nos. 21-2057 & 21-2075, 2022 U.S. App. LEXIS 7861 (10th Cir. 2022) (unpublished) (approving of a district court's consideration of the statutory sentencing factors when evaluating compassionate release).

The Government argues that the 18 U.S.C. § 3553(a) factors weigh against Defendant's release or any sentence reduction (**Doc. 130 at 12–14**). The Court agrees. Defendant has failed to demonstrate how his early release "reflects the seriousness of the offense, promotes respect for the law, and provides just punishment for the offense." *Id*. **at 13**. Additionally, the Government asserts that Defendant is a danger to the community based on the large-scale interstate methamphetamine distribution he engaged in while being illegally present in the United States. *Id*.

## CONCLUSION

After conducting an individualized evaluation of the Section 3553(a) factors, the Sentencing Commission's policy statements, and the applicable case law, the Court finds the Defendant did not demonstrate an extraordinary and compelling reason justifying relief under 18 U.S.C. § 3582(c)(1)(A). Defendant's Motion (**Doc. 126**) is therefore **DENIED**.

**IT IS SO ORDERED**.

_____

CHIEF UNITED STATES DISTRICT JUDGE